UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

BRIAN LADWIG,

    Plaintiff,

vs.                                    CASE NO.:

UNITED STATES OF AMERICA,

    Defendant.

_____/

**COMPLAINT**

Plaintiff, Brian Ladwig ("PLAINTIFF"), by and through his undersigned counsel, sues Defendant, The United States of America ("DEFENDANT"), and alleges as follows:

1. This is an action for damages pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 et seq. This Court has jurisdiction pursuant 28 U.S.C. §1346(b).

2. The negligent acts described herein occurred in St. Petersburg, Pinellas County, Florida. Therefore, venue is proper pursuant to 28 U.S.C. §1402.

3. On or about January 11, 2024, PLAINTIFF presented this claim to the United States Department of Veterans Affairs in writing in accordance with the provisions of 28 U.S.C. §2675 and supplied all required information regarding the claim.

4. The United States Department of Veterans Affairs received PLAINTFF's claim on January 19, 2024.

5. The United States Department of Veteran's Affairs did not make a final disposition of PLAINTIFF's claim within six months of its receipt of the same.

6. Pursuant to 28 U.S.C. §2675 PLAINTIFF elects to deem the United States Department of Veteran's Affairs' lack of response to the claim a final denial.

1

7. All conditions precedent to the bringing of this action have been performed or have been waived. In addition to the above, this is an action arising out of medical negligence and PLAINTIFF has complied with provisions of the applicable Florida Statutes, including, but not limited to, Chapter 766, Florida Statutes. PLAINTIFF has complied by serving upon DEFENDANT, or those in a legal relationship with DEFENDANT, by certified mail, a Notice of Intent to Initiate Litigation.

8. Pursuant to Chapter 766.104, Florida Statutes, the undersigned attorneys hereby certify that they have conducted a reasonable investigation and that such reasonable investigation has given rise to a good faith belief that grounds exist in this action for a claim of medical negligence against DEFENDANT.

9. At all times material hereto, C.W. Bill Young Department of Veteran's Affairs Medical Center ("YOUNG VA") was a federal government instrumentality or agency of DEFENDANT, operating in Pinellas County, Florida.

10. At all times material hereto, the health care providers caring for PLAINTIFF were employees and/or agents of YOUNG VA, acting within the course and scope of their employment.

11. At all times material hereto, there existed a health care provider/patient relationship between PLAINTIFF and the health care providers at YOUNG VA.

12. On or about January 20, 2022, PLAINTIFF presented to YOUNG VA for routine medical evaluation and care.

13. During the January 20, 2022 visit, PLAINTIFF was noted to be tachycardiac and an EKG showed atrial fibrillation with rapid ventricular response.

14. PLAINTIFF was referred to the Emergency Department at YOUNG VA for further evaluation and treatment.

15. Healthcare providers at YOUNG VA initially treated PLAINTIFF's atrial fibrillation and rapid ventricular response with medication and PLAINTIFF responded well and was hemodynamically stable.

16. Despite PLAINTIFF's condition reacting well to treatment with medication, healthcare providers at YOUNG VA performed a trans-esophageal echocardiogram with cardioversion on PLAINTIFF on or about January 21, 2022.

17. During the January 21, 2022 trans-esophageal echocardiogram, the healthcare providers of YOUNG VA caused an iatrogenic perforation of PLAINTIFF's pyriform sinus.

18. The healthcare providers of YOUNG VA did not immediately recognize the perforation of PLAINTIFF's pyriform sinus.

19. After the transesophageal echocardiogram, PLAINTIFF developed an odd sounding voice and difficulty swallowing medications.

20. PLAINTIFF had a CT scan of his neck at YOUNG VA on or about January 22, 2022 showing extensive air in the mediastinum, indicative of perforation.

21. The healthcare providers at YOUNG VA decided to transfer PLAINTIFF to Tampa General Hospital ("TGH") as they understood that YOUNG VA was not able to manage mediastinitis or emergent esophageal surgery.

22. PLAINTIFF experienced acute hypoxic respiratory failure and underwent tracheostomy, esophagoscopy and right neck exploration at TGH on or about January 23, 2022.

23. PLAINTIFF subsequently required thoracotomy and spinal abscess drainage on or about January 27, 202 and G-Tube placement on or about February 8, 2022.

24. PLAINTIFF was discharged from TGH to inpatient rehabilitation at Encompass Health Rehabilitation Hospital ("Encompass") on or about February 24, 2022.

25. On or about February 25, 2022, PLAINTIFF had a seizure at Encompass and was taken to Morton Plant Hospital.

26. At Morton Plant Hospital, PLAINTIFF was diagnosed with an acute right subdural hematoma as well as extensive pneumatosis throughout the colon and free air in his abdomen.

27. PLAINTIFF underwent craniotomy with evacuation of acute subdural hematoma at Morton Plant Hospital on or about March 2, 2022.

28. PLAINTIFF was discharged back to ENCOMPASS on or about March 9, 2022.

29. At all times material hereto, DEFENDANT, by and through its employees and agents, owed PLAINTIFF a duty to provide medical care, treatment, and services which met the prevailing professional standard of care.

30. DEFENDANT is legally liable for any breach of the duty of care owed to PLAINTIFF by The Department of Veteran's Affairs and YOUNG VA.

31. YOUNG VA was negligent and deviated from the prevailing professional standard of care in its care and treatment of PLAINTIFF on or about January 21, 2022 in the following ways:

    a. Performing an unnecessary trans esophageal echocardiogram where PLAINTIFF was responding well to medical treatment and was hemodynamically stable.

    b. Failing to discuss treatment alternatives with PLAINTIFF where trans esophageal echocardiogram followed by cardioversion was not medically necessary as PLAINTIFF was responding well to medical treatment was hemodynamically stable.

    c. Failing to use reasonable care in performing the transesophageal echocardiogram to avoid throat laceration;

    d. Failing to recognize the need to terminate the trans esophageal echocardiogram if patient anatomy and previous history make the procedure too difficult to safely

complete.

32. As a direct and proximate result of the above-described violations of the standard of care, PLAINTIFF suffered iatrogenic perforation of his pyriform sinus and various complications arising therefrom including, but not limited to, prolonged hospitalization, acute hypoxic respiratory failure, infection, spinal abscess subdural hematoma, seizure, and hypoxic brain injury.

33. As a direct and proximate result of the above-described violations of the standard of care, PLAINTIFF has required various medical treatments as a result of the negligence including, but not limited to tracheostomy, esophagoscopy, right neck exploration, thoracotomy, spinal abscess drainage, G-Tube placement, in-patient rehabilitation, and craniotomy.

34. PLAINTIFF continues to experience throat pain, difficulty swallowing, difficulty speaking, physical weakness, cognitive changes, insomnia, stomach pain, anxiety, and depression as a result of the negligence.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT for damages, including but not limited to, compensatory damages, costs, and any further relief that this court deems just and proper.

/S/ RYAN A. LOPEZ, ESQ.
LEE D. GUNN IV, ESQ.
Florida Bar No.: 367192
lgunn@gunnlawgroup.com
RYAN A. LOPEZ, ESQ.
Florida Bar No.: 0021831
rlopez@gunnlawgroup.com
GUNN LAW GROUP, P.A.
401 East Jackson Street, Suite 3600
Tampa, FL 33602
(813) 228-7070 TELEPHONE
(813) 228-9400 FACSIMILE
Counsel for Plaintiff